**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| BRANDIE S. DOYLE | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| UNIVERSAL PROTECTION SERVICE, | § | |
| LP d/b/a ALLIED UNIVERSAL | § | |
| SECURITY SERVICES | § | |
|    *Defendant.* | § | |
| | § | |

**NOTICE OF REMOVAL TO FEDERAL COURT**
**BASED ON DIVERSITY OF CITIZENSHIP JURISDICTION**

Consistent with 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services ("Allied Universal"), by and through undersigned counsel, hereby files this Notice of Removal of the above-styled action, originally filed in the 116th Judicial District of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division. As grounds for removal, Allied Universal shows:

## I.   BACKGROUND

1.     On January 13, 2026, Plaintiff, Brandie Doyle ("Plaintiff"), filed her Original Petition (the "Petition") in a case styled, *Brandie S. Doyle v. Universal Protection Service, LP d/b/a Allied Universal Security Services*, Cause No. DC-26-00593, 116th Judicial District Court, Dallas County, Texas. (*See* Exhibit A, State Court Pleadings, p. 4-16).

2.     The Clerk of the District Court of Dallas County, Texas executed a citation on January 15, 2026 and served the citation on Allied Universal on January 16, 2026. (*See id.*, p. 19-20.)

3.     While Allied Universal contends Plaintiff's Petition lacks any merit, Plaintiff's

1

Petition purportedly arises out of her employment with Allied Universal and asserts claims under the Texas Labor Code for discrimination and harassment based on her sex/gender and sexual orientation, as well as retaliation. (*See id.*, p. 4-16.) Further, Plaintiff asserts claims for Workers' Compensation retaliation, failure to accommodate her disability, and unpaid wages. (*Id.*)

4.    At the time of filing of this Notice of Removal, no orders have been signed by the state court judge.

5.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it is being filed and served within thirty (30) days after Allied Universal was served with a copy of the initial pleading setting forth the claims for relief upon which this action is based.

6.    When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts, the defendant may remove the action to federal court. 28 U.S.C. § 1441(a).

7.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, true and correct copies of the following documents are attached as exhibits to this Notice of Removal:

  A. An index of all documents that clearly identifies each document and indicates the date the document was filed in state court (Exhibit A);

  B. A copy of the docket sheet in the state court action (Exhibit B)

  C. Each document filed in the state court action, except discovery material (Exhibit A);

  D. A separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e).

## II.    **JURISDICTION AND VENUE**

8.    Removal of this action is proper under 28 U.S.C. §§ 1332, 1441, and 1446, because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.      Venue is proper in this Court under 28 U.S.C. §§ 124, 1391, and 1446.

### III.    <u>**REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP**</u>

#### a. Complete Diversity of Citizenship Exists Between Plaintiff and Allied Universal.

10.      Removal based on diversity jurisdiction is proper because there is complete diversity of citizenship between Plaintiff and Allied Universal.

11.      In order to remove to this Court, Allied Universal needs only to plausibly allege the requirements for federal jurisdiction via "a short and plain statement of the grounds for removal," and no evidentiary submissions are required. 28 U.S.C. § 1446(a).

12.      Plaintiff admits in her Petition that she is a citizen of Texas, and that she resides in Kaufman County, Texas. (*See* Exhibit A, State Court Pleadings, p. 4-5.)

13.      "For individuals, citizenship has the same meaning as domicile, and the place of residence is prima facie the domicile." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (internal quotations and citations omitted). Plaintiff's residence is in Texas, and thus, her Texas residence is prima facie evidence that her domicile is also in Texas. (*See id.*)

14.      Furthermore, when determining a party's citizenship for purposes of diversity jurisdiction, courts also look to where the party "exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs or churches, has places of business or employment, and maintains a home for his family." *Veranda Assocs., L.P. v. Hooper*, 496 F. App'x 455, 457 (5th Cir. 2012) (quoting *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996)). No single factor is determinative in the court's analysis. *Coury*, 85 F.3d at 251.

15.      Plaintiff is a current Allied Universal employee in the State of Texas. (*See* Exhibit C, Declaration of LaShonda Tenner, ¶17.) Furthermore, Plaintiff's employment records list her

current address in Heartland, TX. (*Id.*)

16.     Plaintiff also owns a residential property in Kaufman County, Texas. (*See* Exhibit D, Westlaw PeopleMap p. 2- 3.)

17.     Because "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change," Plaintiff is a citizen of Texas for purposes of diversity jurisdiction. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

18.     For the purposes of diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business refers to its "nerve center," *i.e.*, the location where the corporation's officers direct, control, and coordinate the corporation's activities and, in practice, where the corporation maintains its headquarters. *Hertz Corp. v. Friend,* 559 U.S. 77, 80–81, 92–95 (2010); *See also Jing Gao v. Blue Ridge Landfill TX, L.P.*, 783 F. App'x 409, 410 (5th Cir. 2019) (applying "nerve center" test).

19.     At the time of removal, Allied Universal was and is organized as a Limited Partnership that is incorporated in Delaware and has its principal place of business in California. (*See* Exhibit C, Declaration of LaShonda Tenner, ¶¶ 5-16.)

20.     The partners that comprise Universal Protection Service, LP are Universal Protection GP, Inc.; U.S. Security Associates Holding Corp.; G4S Secure Solutions (USA), Inc.; American Security Programs, Inc.; Allied Universal Sideco, Inc.; and Universal Services of America, LP. (*Id.* at ¶ 6.)

21.     Universal Services of America, LP is a limited partnership formed in California with a principal place of business in California. (*Id.* at ¶ 7.)

4

22.    The two partners of Universal Services of America, LP are USA Intermediate, Inc., and USA GP Sub, LLC. (*Id.* at ¶ 8.)

23.    USA GP Sub, LLC is a limited liability company organized in Delaware with a principal place of business in California. (*Id.* at ¶ 9.)

24.    The sole member of USA GP Sub, LLC is USA Intermediate, Inc., which is a Delaware corporation with a principal place of business in California. (*Id.* at ¶ 10.)

25.    U.S. Security Associates Holding Corp. is incorporated in Delaware with a principal place of business in California. (*Id.* at ¶ 11.)

26.    G4S Secure Solutions (USA) Inc. is incorporated in Florida with a principal place of business in California. (*Id.* at ¶ 12.)

27.    American Security Program, Inc. is incorporated in Virginia with a principal place of business in California. (*Id.* at ¶ 13.)

28.    Allied Universal Sideco, Inc. is incorporated in Delaware with a principal place of business in California. (*Id.* at ¶ 14.)

29.    Universal Protection GP, Inc. is incorporated in Delaware with a principal place of business in California. (*Id.* at ¶ 15.)

30.    Allied Universal is not headquartered or incorporated in Texas. Allied Universal has no member that is: (1) incorporated in Texas; (2) has a principal place of business in Texas; or (3) has any contingent member that is organized in or has a principal place of business in Texas. (*Id.* at ¶ 16.)

31.    Because Plaintiff and Allied Universal are neither citizens nor residents of the same state, complete diversity exists between Plaintiff and Allied Universal, supporting this Court's original jurisdiction over this action. See 28 U.S.C. § 1332(a)(1).

**b. The Amount in Controversy Exceeds $75,000.**

32.     The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff's Petition specifically alleges that "Plaintiff seeks monetary relief of $250,000 or less." (*See* Exhibit A, State Court Pleadings, p. 4.) While this appears on its face to meet the amount in controversy requirement, if Plaintiff's contention is that the addition of "or less" changes the analysis, Allied Universal can still show the amount in controversy exceeds $75,000. Although Plaintiff does not specifically allege the exact amount of damages sought, Allied Universal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

33.     While working at Allied Universal, Plaintiff made a yearly salary of approximately $77,076.96. (*See* Exhibit C, Declaration of LaShonda Tenner, ¶18.) Per Plaintiff's Petition, she has been on a leave of absence for over one year. (*See* Exhibit A, State Court Pleadings, p. 9.) Therefore, Plaintiff's alleged lost wages already satisfy the amount in controversy requirement.

34.     To the extent Plaintiff's lost wage damages are deemed less than the above calculation, Allied Universal can still show that the amount in controversy is met.

35.     Plaintiff alleges that she is entitled to emotional distress and punitive damages. Based on these claims for damages, it is facially apparent from the Petition that the claims exceed $75,000 as a legal certainty.

36.     Similar cases support Allied Universal's averment that the amount in controversy exceeds $75,000. For example:

37.     *Delaronde v. Legend Classic Homes, Ltd.*, No. 4:14CV01578, JVR No. 1605100021 (S.D. Tex. Dec. 11, 2015) (Verdict and Settlement Summary), jury awarded the Plaintiff $150,000 in punitive damages and an additional $150,000 in compensatory wages after

she was transferred and received a pay decrease due to gender discrimination.

38.      *Equal Employment Opportunity Commission, Kimberly Long and Cynthia Wilson v. Brentwood Healthcare Ltd.*, No. 3:06-CV-01780, 2008 WL 747780 (N.D. Tex. March 6, 2008) (Verdict and Settlement Summary), settlement for $150,000 after plaintiffs alleged they were demoted and retaliated against due to gender discrimination.

39.      *Siri v. The City of Dallas*, No. 3:10CV00036, JVR No. 1504300034 (N.D. Tex. May 15, 2013) (Verdict and Settlement Summary), settlement for $390,000 after plaintiff alleged she was demoted due to gender discrimination.

40.      *Owen v. Harris County*, No. 4:07-cv-03273, 2009 WL 2901614 (S.D. Tex. May 25, 2009) (Verdict and Settlement Summary), jury awarded the plaintiff $215,000 for past and future mental anguish, pain, and suffering in addition to $18,000 for lost wages and benefits after finding that plaintiff was discriminated against due to her gender.

41.      These awards demonstrate that, for diversity purposes, the value of damages in similar cases far exceeds the $75,000 amount in controversy requirement.

42.      For the foregoing reasons, the parties are completely diverse and the amount in controversy exceeds the value of $75,000. Diversity jurisdiction is satisfied in accordance with 28 U.S.C. § 1332. Accordingly, this Court possesses subject matter jurisdiction based on diversity.

## IV.    <u>ALLIED UNIVERSAL SATISFIES ALL REQUIREMENTS OF 28 U.S.C. § 1446.</u>

43.      **Removal is timely**. Allied Universal timely filed this Notice of Removal within thirty days of service of Plaintiff's Petition. The Clerk of the District Court of Dallas County, Texas executed a citation on January 15, 2026, and served it on Allied Universal on January 16, 2026; the deadline to file Allied Universal's Notice of Removal is February 15, 2026. 28 U.S.C. § 1446(b). Since February 15, 2026 is a Sunday, the deadline becomes the following Monday, or

February 16, 2026. *See* Fed. R. Civ. P. 6.

44.     **Removal to this Court is proper**. Plaintiff's Petition was filed in the 116th Judicial District Court of Dallas County, Texas, which is located in this District.

45.     **All pleadings and process in State Court have been submitted with this Removal**. Other than the documents submitted with the Notice of Removal, no other pleadings, process, orders, or other papers in this case have been filed, served, or received by Allied Universal.

46.     **Notice has been provided to all Parties and the State Court**. Allied Universal is simultaneously filing a copy of its Notice of Removal with the clerk of the State Court and is serving a copy on Plaintiff.

## V.    <u>NON-WAIVER OF DEFENSES</u>

47.     By filing this Notice of Removal, Allied Universal does not waive any defenses available to it. Allied Universal does not admit, and in fact specifically denies, that Plaintiff states a claim upon which relief may be granted, or that Plaintiff is entitled to any damages, or any other relief sought in the Petition.

## VI.    <u>REQUEST FOR ADDITIONAL ARGUMENTS AND EVIDENCE IF NEEDED</u>

48.     As the party requesting the removal, Allied Universal's Notice of Removal has satisfied its obligation to provide a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC,* 574 U.S. at 87 (citing 28 U.S.C. § 1446(a)). "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to the matters of pleading.'" *Id.* (citation modified.) Allied Universal has satisfied this standard here; however, should the Court so request, the factual allegations in this pleading will be supported by additional affidavit or other summary judgment-

type evidence.

49.    In the event Plaintiff files a motion or other request to remand, or the Court considers remand *sua sponte*, Allied Universal reserves all rights to submit such additional arguments and/or evidence in support of removal as may be necessary or appropriate, including additional competent evidence as to the existence of diversity of citizenship as well.

50.    WHEREFORE, Allied Universal respectfully requests that this Honorable Court exercise jurisdiction over this matter.

Dated: February 16, 2026

Respectfully submitted,

*/s/ Miranda K. Roberts*
Miranda K. Roberts
State Bar No. 24121086
MARTENSON, HASBROUCK & SIMON LLP
2911 Turtle Creek Blvd., Suite 1280
Dallas, TX 75219
T: 972-497-2953
F: 404-090-8120
Email: mroberts@martensonlaw.com

**Counsel for Allied Universal**

**CERTIFICATE OF SERVICE**

I certify that on February 16, 2026, a true and correct copy of Notice of Removal and

associated documents was served on the following party pursuant to the Federal Rules of Civil

Procedure, via certified mail:

Kassi Yukevich
State Bar No. 24133390
CARTER LAW GROUP, PC
351 W. Jefferson Blvd.
Suite 503, LB 11
Dallas, TX 75231
kyukevich@clgtrial.com
*Attorney for Plaintiff*

*/s/ Miranda K. Roberts*
Miranda K. Roberts